UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN KENDRICK,

    Plaintiff,

v.

NANCY MARTHAKIS, CENTURION MEDICAL, RYON STATHAM, PAIGE FINCH, DORELL BASS, LATEEF GHAJUNO, ALLUMO SPYKER, JOHN KING, JACOB HILL, GAB RULUEL PAIGE, and LORRE IDOWN,

    Defendants.

CAUSE NO. 3:22-CV-673-DRL-MGG

OPINION AND ORDER

Brian Kendrick, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction. ECF 1 and 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Kendrick alleges that he was exposed to black toxic smoke when an inmate in a cell below him in Indiana State Prison's A-Cell House set his cell on fire around midnight on December 17, 2021. He says the thick, black smoke made him choke, cough,

and gasp for breath. He laid on the floor, turned on his fan, and placed a wet towel over his nose and mouth to help him breathe. Despite the thick black smoke, Mr. Kendrick claims none of the staff evacuated any of the inmates except the one who started the fire. It allegedly took an hour for the inmate firefighters to start blowing the smoke out of the cellhouse.

Mr. Kendrick alleges he stopped the officer on duty during his walkthrough to inform him his eyes and lungs were burning from the thick black smoke. He asked that the inmates be allowed to go some place safe, away from the smoke. The officer on duty allegedly stated he would inform the cell house sergeant, but the inmates were never moved. Mr. Kendrick claims he did not receive any medical treatment that night for smoke inhalation.

Mr. Kendrick says he turned in a healthcare request that same day, explaining that he was having difficulty breathing and that his chest and lungs burned with each breath. But he alleges he was not seen until nearly a month later on January 12, 2022, when a doctor examined him and had his lungs x-rayed. He was seen again on January 25, 2021, and given Prednisone and Tylenol. He reports that he was told his lungs were clear, but he told medical staff that his lungs were still irritated, and he was still coughing up black stuff. Mr. Kendrick asked for a breathing treatment, but he was told that breathing treatments were not available on the weekends. He was told to submit another healthcare request, which he did, but he contends medical staff has continued to provide inadequate treatment for his breathing issues.

Mr. Kendrick does not state a claim for damages because he does explain how the individual defendants were involved in the events of December 17, 2021, and his later medical care. He names several defendants in the beginning of the complaint but only alleges generally that defendants "were responsible for providing medical service and supervision to the medical provider, and for the safety and well-being of the plaintiff at the Indiana State Prison." ECF 1 at 2. For a defendant to be liable under 42 U.S.C. § 1983, he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). A supervisor cannot be held liable simply because employees who report to him or her violate a person's constitutional rights. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Thus, to state a claim, Mr. Kendrick must explain how each defendant was involved in the events in the complaint.

Mr. Kendrick also moves for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Mr. Kendrick has not plausibly alleged that he is likely to suffer irreparable harm. There is no indication his current medical care is constitutionally inadequate. The purpose of an injunction is to address an ongoing or likely future constitutional violation. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." (quotation marks omitted). Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, Mr. Kendrick alleges that a nurse examined him and told him she could hear gurgling sounds from his lungs and chest, but he still has not received a breathing treatment. He asks the court to order that he "receive adequate breathing treatment as required by the Eighth Amendment." ECF 2 at 4. But a mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Mr. Kendrick provides no information about the state of his lungs now, eight months after the fire, or how it affects his day-to-day life. Thus, there is no basis for the court to infer that the medical treatment he is receiving is so "blatantly inappropriate" that the care amounts to an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

4

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Kendrick may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

In addition, Mr. Kendrick filed a motion for leave to proceed *in forma pauperis* but did not attach a copy of his inmate trust fund ledger. To continue this lawsuit, he also needs to file a copy of his inmate trust fund ledger detailing his transactions for the past six months. For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 3)

(2) GRANTS Brian Kendrick until **September 22, 2022**, to file an amended complaint and a copy of his inmate trust fund ledger for the past six months; and

(3) CAUTIONS Brian Kendrick if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 22, 2022                                             *s/ Damon R. Leichty*
                                                            Judge, United States District Court