UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN KENDRICK,

    Plaintiff,

v.    CAUSE NO. 3:22-CV-673-DRL-MGG

DORELL BASS and LANRE IDOWU,

    Defendants.

OPINION AND ORDER

Brian Kendrick, a prisoner without a lawyer, filed an amended complaint after the court determined that his earlier complaint did not identify any defendant who could be held responsible for the alleged constitutional violations he described. ECF 4, 6. Under 28 U.S.C. § 1915A, the court must review the merits of that amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Kendrick alleges that he was exposed to black, toxic smoke from a fire in a cell below him around midnight on December 17, 2021, in Indiana State Prison's A-Cell House. He says he laid on the floor with a wet towel over his mouth and nose until he was able to start yelling for help. Mr. Kendrick alleges that Sgt. Dorell Bass and Officer

Lanre Idowu failed to follow the Indiana Department of Correction's protocol for evacuations in case of a fire. They were working that night but did not make any attempt to evacuate Mr. Kendrick or the other inmates who were directly above the fire and thus subject to the worst effects from the fire.

Mr. Kendrick also complains about the lack of medical care that night. He alleges Officer Idowu came personally to his cell that night. Mr. Kendrick relates that he told the officer that he was having a hard time breathing and his lungs were burning from the smoke. Officer Idowu reportedly informed Sgt. Bass of Mr. Kendrick's issues, but Mr. Kendrick did not receive any medical attention that night. Mr. Kendrick alleges he first received medical attention on January 12, 2022, nearly a month after the fire. He was referred to the doctor, and about a week later was prescribed prednisone and acetaminophen. He alleges that at this point, he was still having trouble breathing and was coughing up black stuff.

Mr. Kendrick sues Sgt. Bass and Officer Idowu for leaving him in his smoke-filled cell following the fire and for not obtaining him prompt medical attention. In addition, he seeks to hold Warden Ron Neal liable for failing to train prison employees to properly respond to prison fires.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a

prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478. Here, remaining in a smoke-filled cell could present a substantial risk of harm to Mr. Kendrick's health. He states a claim against Sgt. Bass and Officer Idowu for leaving him in the cell though they were aware of the potential hazard.

Similarly, the Eight Amendment entitles inmates to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may not be deliberately indifferent to a prisoner's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Mr. Kendrick has plausibly alleged that Sgt. Bass and Officer Idowu were deliberately indifferent to a serious medical need that resulted from smoke inhalation.

The potential liability of Warden Neal is another matter, however. Mr. Kendrick explicitly sued him in his official capacity. But an official capacity claim against Warden Neal is the same as a suit against the State of Indiana. *See McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997) ("[A] suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." (quotation marks and brackets omitted)); *Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018) ("[A] state official (in his official capacity) *is* the state."). And a state is not a "person" who can be sued for money damages under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). An official capacity claim could proceed against the Warden for injunctive relief to remedy an ongoing constitutional violation. *See Fritz*, 907 F.3d at 533. But Mr. Kendrick is suing for a past violation with no indication of any ongoing constitutional violation.

Therefore, any claim against Warden Neal for damages must be in his individual capacity. There is no indication that he was personally aware of the fire or the resulting smoke. Mr. Kendrick seeks to hold him liable for failing to train his employees to properly follow the prison's fire protocol. However, failure to train claims under the Eighth Amendment can only be brought against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)) (affirming dismissal of failure to train and supervise claims brought against State warden). Instead, high-level state officials, like the Warden, "can be held liable for a constitutional violation if they are aware of a systemic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy." *Sinn v. Lemmon*, 911 F.3d 412, 423 (7th Cir. 2018) (quotation marks omitted). But a "widespread practice" cannot be shown by pointing to

4

"isolated incidents." *Id.* Here, Mr. Kendrick has pointed to just one incident in which correctional officers failed to follow the prison's fire protocol, with nothing to suggest this was more than a one-time lapse. Therefore, Mr. Kendrick has not stated a claim against Warden Neal.

For these reasons, the court:

(1) GRANTS Brian Kendrick leave to proceed against Sgt. Dorell Bass and Officer Lanre Idowu in their individual capacities for compensatory and punitive damages for failing to protect him from the dangers of a smoke-filled cell the night of December 17, 2021, in violation of the Eighth Amendment;

(2) GRANTS Brian Kendrick leave to proceed against Sgt. Dorell Bass and Officer Lanre Idowu in their individual capacities for compensatory and punitive damages for failing to provide Mr. Kendrick medical aid following severe smoke inhalation the night of December 17, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Ron Neal;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dorell Bass and Lanre Idowu at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 6);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dorell Bass and Lanre Idowu to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 28, 2022

*s/ Damon R. Leichty*
Judge, United States District Court